CLD-271                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1750
_____

ANDREW BEDENFIELD,
                                                    Appellant

v.

WARDEN LEWISBURG

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-02264)
District Judge:  Honorable Malcolm Muir
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 19, 2010

Before:  BARRY, FISHER and GREENAWAY, JR.,  Circuit Judges.

(Filed: September 9, 2010)
_____

OPINION
_____

PER CURIAM

        Petitioner Andrew Bedenfield, an inmate currently incarcerated at USP Lewisburg,

appeals pro se from the District Court's dismissal of his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In the petition, Bedenfield claimed that prison officials failed to hold a disciplinary hearing after he was allegedly involved in a gang fight at USP Atwater. As a result of his involvement in the fight, he was placed in the "Special Management Unit" ("SMU") at USP Lewisburg.[1] He argues that the prison officials' failure to hold a disciplinary hearing violated his due process rights, and further claims that he does not meet the criteria for placement in the SMU.

The respondent filed a response to the petition, arguing that the petition should be dismissed because Bedenfield's claims are not cognizable under § 2241. The District Court agreed and dismissed the petition. Bedenfield filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision to dismiss Bedenfield's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

Bedenfield's habeas petition does not challenge the basic fact or duration of his imprisonment, which is the "essence of habeas." See Preiser v. Rodriguez, 411 U.S. 475, 484, 498-99 (1973). "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil

---

[1]Bedenfield's projected release date from prison is October 20, 2012, via good conduct time release.

rights action] is appropriate." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (dismissing civil rights action because claims should have been brought in a habeas petition). Bedenfield's challenge to his placement in the SMU is analogous to the "garden variety prison transfer" that we have indicated should be challenged in a civil rights action, not via a habeas petition. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005). He has not raised a claim that involves the execution of his sentence. See id. at 243-44. Thus, we agree with the District Court that his claim is a challenge that should be brought in an action under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[2] See id. at 241-42; Leamer, 288 F.3d at 542.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order dismissing the petition without prejudice. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[2]We note that the District Court considered that even if Bedenfield brings his claims in a Bivens action, he is not likely to prevail. See, e.g., Griffin v. Vaughn, 112 F.3d 703, 706 (3d. Cir. 1997) (15 months in administrative segregation did not implicate a liberty interest); Fraise v. Terhune, 283 F.3d 506, 522-23 (3d Cir. 2002) (transfer to Security Threat Group Management Unit "STGMU"), through which gang leaders are identified, isolated, and reprogrammed before release back into the general population, does not implicate protected liberty interest).

3